**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Eron James Tascoe, # 127885, | ) | Case No. 2:17-cv-235-CMC-MGB |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden, Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. (DE# 8, Amended

Petition). He is proceeding *pro se* and has paid the $5.00 filing fee (DE# 1-2, Receipt number

SCX300069746). Petitioner is a state prisoner incarcerated at Lee Correctional Institution located

in South Carolina. Therefore, in the event that a limitations issue arises, Petitioner shall have the

benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was deemed

"filed" when delivered to prison authorities for forwarding to District Court). Pursuant to the

provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(D.S.C.), pretrial proceedings

in this action have been referred to the assigned United States Magistrate Judge.

## I.  Liberal Construction

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than

formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he

'special judicial solicitude' with which a district court should view ... *pro se* filings does not

transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012),

*cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court

may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391

(4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's

clear failure to allege facts that set forth a cognizable claim. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S.

## II. **Background**

On July 12, 2004, a Dorchester County Grand Jury returned an indictment against Petitioner for assault with intent to commit criminal sexual conduct, second degree. (DE# 1-1 at 10, attached copy of Indictment No. 04-GS-18-828).[1] The Indictment charged that Petitioner "did in Dorchester County on or between March 18, 2001 and May 18, 2002, willfully and unlawfully assault the victim … with the intent to commit criminal sexual conduct by attempting to engage in sexual battery by means of aggravated coercion, thereby violating Section 16-3-656 and attempting to violate Section 16-3-653, Code of Laws of South Carolina, 1976, as amended." (*Id.*). Petitioner was also subject to three other indictments, all pertaining to his alleged violence and/or sexual misconduct against his minor granddaughter. See Dorchester County Court of Common Pleas Case Nos. 2004-GS-1800827 (for criminal sexual conduct – first degree); H172925 (criminal sexual conduct with minor, or attempt, victim 11 to 14 years inclusive, second degree); H172924 (criminal sexual conduct with minor, or attempt, victim under 11 years of age, first degree).

Petitioner received a jury trial. The jury returned a "not guilty" verdict on three charges, but found Petitioner guilty of the fourth charge (Indictment No. 2004-GS-1800828) for "assault with intent to commit criminal sexual conduct, second degree." (DE# 8 at 1, ¶ 5). On August 26, 2004, the Dorchester County Court of Common Pleas sentenced Petitioner to life imprisonment without parole. (*Id.* at 1, ¶ 3).[2] Petitioner alleges his counsel failed to appeal. (*Id.* at 2, ¶ 9c).

---

[1] See http://public.doc.state.sc.us/scdc-public/inmateDetails. Site checked April 27, 2017.

[2] At the PCR hearing, trial counsel explained that Petitioner was sentenced to life imprisonment as a "three-striker." (DE# 1-1 at 8, transcript pages). The strikes include a previous conviction for armed robbery. *See State v. Tasco*, 292 S.C. 270, 356 S.E.2d 117 (1987) (affirming conviction). In the PCR proceedings, Plaintiff was represented by attorney Charles T. Brooks.

On April 7, 2005, Petitioner (through counsel) filed his first application for state post-conviction relief ("PCR"). (DE# 8 at 2, ¶ 9g). After a hearing on September 17, 2009, the state court dismissed the application on December 15, 2009. See Dorchester County Case No. 2005-CP-1800602. The state court denied Petitioner's motion to alter or amend on August 18, 2010. Remittitur was filed June 3, 2013.

On June 4, 2014, Petitioner filed a second application for PCR relief. See Dorchester County Case No. 2014-CP-18-01053. A check of state records indicates that the state court entered a final order of dismissal on December 10, 2015.[3]

On or about on January 22, 2017, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence.[4] (DE# 1). As Petitioner had filed under the wrong statute, this Court gave Petitioner an opportunity to amend or withdraw such petition. The Court issued an order pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003) (instructing that petitioners should be given notice before a petition is recharacterized). (DE#5). Petitioner filed an Amended Petition pursuant to 28 U.S.C. § 2254 on March 27, 2017. (DE# 8, mailed from prison on March 24, 2017).

In his Amended Petition, Petitioner challenges his conviction on two grounds: 1) ineffective assistance of counsel; and 2) "presiding judge Hon. James C. Williams stated there are no exhibits." (DE# 8 at 5, 7). With respect to his first claim, Petitioner alleges that trial counsel:

> failed to file timely proof of service to notify intent to appeal. On July 22, 2004 * counsel failed to call witness – stating he did not know about witness, in my PCR hearing * counsel did not allow jury to know about report from low-Country Children's Center as to threats "your office received a copy" of that issue. Charge by the court, transcript p. 227 - L.

---

[3] See http://publicindex.sccourts.org/Dorchester/PublicIndex/CaseDetails.aspx. Site checked April 27, 2017.

[4] Petitioner signed the petition on January 22, 2017 (which is deemed the filing date under the "prisoner mailbox rule"). (DE# 1 at 10). The Clerk of Court entered the petition in the docket on January 25, 2017.

> 6-8/p. 228 - L.19-21/p. 229 – L. 1-3/ p. 268 – L. 6-7/ Court stated no
> exhibits.

(DE# 8 at 5, verbatim, as in original). With respect to his second claim, Petitioner states (verbatim):

"transcript page 268 line 6-7 states no exhibits – in the presence of the jury – out of presence of

the jury preserved court's exhibit for appeal – transcript page 227, 28, 29." (DE#8 at 7). For relief,

Petitioner asks this Court to overturn his conviction. (DE# 8 at 15, "Relief").

On March 30, 2017, this Court issued an "Order to Show Cause" regarding the apparent

untimeliness of the federal petition. (DE# 10). Petitioner responded. (DE# 12). This matter is now

ripe for review.

## III. Discussion

On March 27, 2017, Petitioner correctly filed an Amended Petition pursuant to 28 U.S.C.

§ 2254, and therefore, this Court did not need to "recharacterize" the initial petition. (DE# 8). In

any event, the Fourth Circuit Court of Appeals has instructed that:

> Regardless of how they are styled, federal habeas petitions of prisoners
> who are "in custody pursuant to the judgment of a State court" should be
> treated as "applications under section 2254" for purposes of § 2244(b),
> even if they challenge the execution of a state sentence.

In Re Wright, 826 F.3d 774 (4th Cir. June 21, 2016); 28 U.S.C. § 2244(b)(2). When a state prisoner

files a habeas petition, the more specific § 2254 "and all associated statutory requirements" shall

apply, regardless of the statutory label the prisoner chooses to give his petition. Walker v. O'Brien,

216 F.3d 626, 633 (7th Cir. 2000), cert. denied, 531 U.S. 1029 (2000).

The record does not reflect any other federal habeas petitions by this Petitioner, and thus,

this appears to be Petitioner's first federal habeas petition, i.e. it is not successive. As for

timeliness, careful review reflects that the petition is untimely by more than three years.

### A. The Petition is Time-Barred

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in relevant part that:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A state conviction generally becomes "final" for purposes of § 2244(d)(1)(A) when the time for seeking further review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 652– 654 (2012); *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). "If a defendant does not file a direct appeal, then his conviction becomes final ten days after the adjudication of guilt." *Lewis v. Cartledge*, Case No. 1:12-cv-2584-SB-SVH, 2014 WL 517469, *2 (D.S.C. Feb. 6, 2014), *appeal dism'd*, 575 F.App'x, 113 (4th Cir. 2014) (citing Rule 203(b)(2)); *Frazier v. McCall*, Case No. 2:13–cv–02279–JMC-WWD, 2014 WL 4231239, *4 (D.S.C. Aug. 26, 2014) (same), *appeal dism'd*, 599 F.App'x 77 (4th Cir. Apr. 2, 2015). Rule 203(b)(2) of the South Carolina Rules of Appellate Procedure provides

that "[a]fter a plea or trial resulting in conviction …, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed." S.C. R. App. P. 203(b)(2). Petitioner was sentenced on August 26, 2004, and did not appeal. His conviction therefore became final ten days later on September 5, 2004.

After September 5, 2004, the time (214 days) until Petitioner filed his first PCR application on April 7, 2005 was not tolled, i.e. those days counted toward the one year period of limitations. The period from April 7, 2005 until remittitur was filed on June 3, 2013 was then tolled. See 28 U.S.C.A. § 2244(d)(2) (one-year limitations period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"); *and see, e.g., Beatty v. Rawski,* 97 F.Supp.3d 768 (D.S.C. July 12, 2015) (tolling time until remittitur was filed in state court), *appeal dism'd*, 633 F.App'x 832 (4th Cir. Feb. 29, 2016).[5] The one year period began running again on June 4, 2013.

Petitioner filed a second PCR application on June 4, 2014, exactly one year later. The one year period of limitations for federal habeas petitions had already expired by the time Plaintiff filed his second PCR application, and in any event, the second PCR application did not toll any additional time. Although properly-filed state collateral review tolls the one-year statute of limitations, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), successive or untimely PCR applications are not "properly filed" for purposes of the AEDPA and do not toll any time under 28 U.S.C.A. § 2244(d)(2). *See Clark v. Padula,* Case No. 3:11–1690–MBS, 2012 WL 4051280, *4 (D.S.C. Sept. 12, 2012) (observing that "Petitioner's second, third, and fourth PCR applications did not toll the one-year limitations period set forth in § 2244(d)' because they were "successive" and not

---

[5] Tolling for state collateral review does not include the time for seeking certiorari in the United States Supreme Court. *See Crawley v. Catoe*, 257 F.3d 395, 397–401 (4th Cir. 2001), *cert. denied*, 534 U.S. 1080 (2002); *Atkinson v. Angelone*, 20 F. App'x 125, 127–28 (4th Cir. 2001).

"properly filed" under state law), *appeal dism'd* 517 F.App'x 170 (4th Cir. April 4, 2013); *Ramos v. Taylor*, Case No. 4:12–2549–DCN–TER, 2013 WL 1901074, n.3 (D.S.C. April 16, 2013), *adopted by* 2013 WL 1901233 (D.S.C. May 7, 2013) ("The statute of limitations was not tolled by the filing of the second PCR action because it was not 'properly' filed.").

Petitioner subsequently filed his federal habeas petition on January 22, 2017, over three years after his first PCR was final on June 3, 2013. (DE#1). Significantly, while state collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz*, 531 U.S. at 8, it does not restart the clock and establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000) (rejecting argument "that the one-year period [for federal habeas filing] does not commence until the conclusion of state post-conviction proceedings"); *see also, e.g., Drake v. Boulware*, Case No. 8:15-cv-04658-RMG-JDA, 2016 WL 6304679 (D.S.C. Oct. 27, 2016) (same, dismissing petition as untimely). In other words, the second PCR application did not restart the clock.

The face of the petition indicates that, even with the benefit of statutory tolling and the prisoner mailbox rule, Petitioner filed for federal habeas relief more than one year after his 2004 judgment of conviction became final.

### B. <u>Whether Equitable Tolling Applies</u>

Petitioner provides no factual basis for any equitable tolling or other exception. Equitable tolling applies only if a petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010); *see also McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013) (discussing actual innocence as an "equitable exception" to § 2244(d)(1)). Petitioner has not made such showing. In his "Response to the Order to Show Cause" (DE# 12 at 2), he suggests that

"excusable neglect/inadvertence" should excuse the untimely filing of his federal petition. "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004). Petitioner provides no facts or coherent argument suggesting that any "extraordinary circumstances" beyond his control prevented him from timely filing his federal petition. *Id.* at 253 ("we look …to the reasons for delay in determining whether equitable tolling is appropriate").

The Petition does not reflect any basis for equitable tolling. Petitioner alleges ineffective assistance of counsel and appears to dispute an evidentiary ruling by the trial court, but offers no developed argument regarding these matters. Petitioner cites some transcript pages from his PCR hearing and alleges his lawyer lied when he stated "he did not know about witness". (DE# 8 at 2, ¶9 g). Petitioner does not coherently explain the alleged significance of such unidentified witness. Petitioner also complains (verbatim) that "counsel did not allow jury to know about report from Low-Country Children's Center as to threats your office received a copy of that issue. Charge by the Court, transcript p. 227 – l. 6-8/p. 228, l. 19-21/p. 229 – l. 1-3/p.. 268 – l. 6-7/Court stated no exhibits." (*Id*. at 5, ¶ 12). These assertions are unclear, and moreover, have nothing to do with Petitioner's lack of diligence in seeking federal habeas relief. *Rouse*, 339 F.3d at 251 (dismissing petition as untimely, and rejecting petitioner's "invitation to apply equitable tolling based on a factor that had nothing to do with his failure to file on time").

In his "Response to the Order to Show Cause" (DE#12), Petitioner briefly repeats his two habeas grounds and then states (verbatim): "Petitioner has forward provided fact (s) that Hon. Judge Maitte Murphy in 2004 was solicitor on Indictment that had dismissed serval order (s) served her office which prevented petitioner to proceed." (*Id* at 1).[6] This fails to explain any basis for

---

[6] Petitioner indicates that Judge James Williams was the presiding judge in Petitioner's criminal case. (DE#12). Judge Murphy denied the Petitioner's second PCR application.

equitable tolling. Petitioner concludes (verbatim) that "based on all fact is not guilty of Indictment 2004-GS-18-828.) (DE#12).

**C.  Whether the Actual Innocence Exception Applies**

Petitioner appears to make a cursory allegation of actual innocence, but provides no coherent facts or evidence to support such allegation. In *McQuiggin*, the United States Supreme Court held that a "convincing showing" of actual innocence under *Schlup* can overcome the AEDPA's statute of limitations and observed that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 133 S.Ct. at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Under *Schlup*, a petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Herrera v. Collins*, 506 U.S. 390, 400 ("federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution— not to correct errors of fact").

Petitioner has not provided credible evidence that he is actually innocent. The allegations of the present petition are insufficient to meet *Schlup*'s demanding actual-innocence standard. Petitioner has not provided new reliable evidence or shown that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schulp*, 513 U.S. at 299. Petitioner was given additional opportunity to show cause why his petition should not be dismissed as untimely, but  did not provide any basis to apply equitable tolling or other exception (actual innocence). Given that Petitioner has made only a conclusory allegation of actual innocence, summary dismissal of this time-barred petition is appropriate. *See Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. Aug. 2, 2011) (en banc) ("because the petitioner did not present sufficient

evidence of actual innocence to permit him to pass through the *Schlup* gateway and to argue the merits of his time-barred claims, we reverse the judgment of the district court and remand with instructions to dismiss Lee's petition as untimely. We need not, and do not, reach any other question"); *see also, e.g.*, *Wilson v. Perry*, 2014 WL 4685405, *2 (M.D.N.C. Sept.19, 2014) ("[petitioner's] conclusory claims now of actual innocence are insufficient to be credible, even at this preliminary stage"), *appeal dism'd*, 588 F. App'x 216 (4th Cir. Dec. 15, 2014), *cert. denied*, 135 U.S. 2808 (2015); *El-Bey v. Perry*, 2015 WL 867303, *3 (M.D.N.C. March 2, 2015) ("Petitioner cannot rely on unsubstantiated claims of innocence to satisfy *Schlup*"), *appeal dism'd*, 608 F. App'x 170 (4th Cir. July 24, 2015); *Langley v. United States*, 2015 WL 2450537, *3 (E.D.N.C. May 21, 2015) ("Petitioner's claim should be dismissed as it was untimely filed, and Petitioner has failed to plead facts that would support application of equitable tolling or the actual innocence exception."); *Paige v. Spitzer,* 2007 WL 1063659, *3 (N.D.N.Y April 5, 2007) (same, summarily dismissing); *Kelly v. Valenzuela*, 2016 WL 2893128, *5 (C.D. Cal. Feb. 5, 2016), *adopted by*, 2016 WL 2885851, (C.D.Cal., May 16, 2016) (same, collecting cases). Petitioner's conclusory allegation falls well short of the demanding requirements for finding an equitable exception for alleged actual innocence.

In sum, Petitioner has not provided facts concerning the issue of timeliness of his petition that would prevent dismissal based on the one year limitations period. He has not shown a basis for equitable tolling or made a colorable claim of actual innocence. Therefore, this Petition should be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). *See Day v. McDonough*, 547 U.S. 198 (2006); *Hill*, 277 F.3d at 707.

## IV.  Certificate of Appealability ("COA")

Having determined that the Petition is subject to dismissal, the Court must next consider whether Petitioner is entitled to a certificate of appealability ("COA"). A COA may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petition is dismissed on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where the petition is dismissed on procedural grounds, a COA will not issue unless the petitioner demonstrates both (1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Gonzalez*, 132 S.Ct. at 648.

Here, the record shows that more than one year of untolled time passed after Petitioner's conviction was final. Therefore, under existing case law, the petition is plainly time-barred. The Magistrate Judge recommends that jurists of reason would not find this debatable.

## V. Conclusion

Accordingly, the Magistrate Judge recommends that the Amended Petition (DE#8) should be dismissed with prejudice as time-barred and that a certificate of appealability should not issue.

**IT IS SO RECOMMENDED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 27, 2017
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).