IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eron James Tascoe, #127885, | C/A No. 2:17-235-CMC |
| Petitioner, | |
| v. | **Opinion and Order** |
| Warden, Lee Correctional Institution, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* petition filed in this court pursuant to 28 U.S.C. §2254 on January 25, 2017. ECF No. 1. Petitioner challenges his conviction for assault with intent to commit criminal sexual conduct, second degree in the Court of General Sessions in Dorchester County, alleging ineffective assistance of counsel and failure of the trial judge to notify the jury of a court's exhibit Petitioner says would aid his claim of innocence.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation. On March 30, 2017, the Magistrate Judge issued an Order to Show Cause, noting the petition appeared to be untimely based on the applicable statute of limitations, and providing petitioner twenty-one days to file a factual explanation showing cause why his petition should not be dismissed as untimely. ECF No. 10. Petitioner filed a response to the show cause order, appearing to state excusable neglect as a reason for tolling the statute of limitations. ECF No. 12. On April 28, 2017, the Magistrate Judge issued a Report recommending this matter be dismissed as untimely. ECF No. 15. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to

the Report and the serious consequences if he failed to do so. Petitioner timely filed objections. ECF No. 17.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After conducting a *de novo* review of the record as to the objections made, and after considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner's objections do not raise any factors that would lead the court to apply equitable tolling in this case. The court agrees with the Magistrate Judge regarding Petitioner's claim of excusable neglect, which is not a ground for the application of equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The court further agrees Petitioner has not met

the *Schlup* standard of a convincing showing of actual innocence needed to overcome the statute of limitations. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995).

The AEDPA statute of limitations is an affirmative defense, and it is improper to dismiss this petition without allowing Petitioner the opportunity to provide evidence regarding equitable tolling or other reasons his petition is not time-barred. *United States v. McRae*, 793 F.3d 392, 401 (4th Cir. 2015). However, Petitioner has been given two opportunities to present such evidence, once in response to the Magistrate Judge's Show Cause Order and again in his objections to the Report, and has failed to do so each time. As the court has the power to raise affirmative defenses *sua sponte*, and has warned Petitioner his case was subject to dismissal pursuant to the statute of limitations, a dismissal based on untimeliness does not offend Fourth Circuit precedent. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (noting district court may raise affirmative defense *sua sponte* but must warn petitioner case is subject to dismissal before doing so); *see also United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008) (Petitioner must have "opportunity to come forward with evidence that might justify the application of equitable tolling or otherwise establish that his claims are not time-barred" before his petition is dismissed based on statute of limitations).

Accordingly, the petition is dismissed with prejudice as untimely filed.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
May 23, 2017